UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOMAS AVILA,

                              Plaintiff,

       – against –

COMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION,

                              Defendants.

**<u>OPINION AND ORDER</u>**

20 Civ. 1360 (ER) (DCF)

<u>Ramos, D.J.</u>:

       Tomas Avila brought this action to seek review of the final decision of defendant

Commissioner of the Social Security Administration, denying him Social Security Disability

("SSDI") and Supplemental Security Income ("SSI") benefits under the Social Security Act.

Before the Court is a Report and Recommendation from the Honorable Debra C. Freeman,

United States Magistrate Judge ("Report" or "R&R").  *See* Doc. 27.  For the reasons stated

herein, the Court ADOPTS Judge Freeman's recommendation to grant Avila's motion, deny the

Commissioner's cross-motion, and remand the case for further proceedings.

## I.    Background

       Avila first filed applications for SSDI and SSI benefits on July 25, 2016, alleging that he

was entitled to benefits on the basis of his HIV diagnosis, vascular conditions, and knee

impairments.  Doc. 17, Administrative Record, at 168-84, 203.  Following an initial denial, he

requested a hearing before administrative law judge ("ALJ") Robert C. Dorf, which was held on

October 18, 2018.  *Id.* at 44-73.  The ALJ issued an adverse decision on November 19, 2018,

finding that Avila was not disabled under the meaning of the Social Security Act.  *Id.* at 12-31.

Avila then appealed the determination to the Social Security Administration's Appeals Council, which denied his request for a review on December 12, 2019. *Id.* at 1-6.

Avila filed this action on February 17, 2020, which the Court referred to Judge Freeman. Doc. 1. The parties cross-moved for judgment on the pleadings on March 12, 2021. Docs. 22, 25.

Judge Freeman issued an R&R on August 9, 2021, recommending that Avila's motion be granted and the Commissioner's motion be denied. Doc. 27.[1] Judge Freeman further recommended that the action be remanded, and included several recommended instructions for the ALJ to consider on remand. *Id.* at 50. The Report included notice to the parties that any objections must be filed within fourteen days. *Id.* at 50–51. No objections have been filed. The parties have therefore waived their right to object to the R&R. *See Dow Jones & Co., Inc. v. Real-Time Analysis & News, Ltd.*, No. 14 Civ. 131 (JMF), 2014 WL 5002092, at *1 (S.D.N.Y. Oct. 7, 2014) (citing *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir. 1992); *Caidor v. Onondaga Cty*, 517 F.3d 601, 604 (2d Cir. 2008)).

## II.    Legal Standard

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and

---

[1] The Report based this determination on the ALJ's (1) failure to develop the record regarding Avila's peripheral vascular disease; (2) failure to give adequate weight to the testimony of Avila's treating physicians and the disproportionate weight given to a non-treating physician regarding the medical opinion evidence; and (3) failure to adhere to the treating physician rule in his assessment of Avila's non-exertional limitations. Doc. 27 at 41-50.

2

recommendation to which timely and specific objections are made.  28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95 Cr 1074)*, 121 F.3d 34, 38 (2d Cir. 1997).  The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

### III.    Discussion

No party has objected to the R&R.  The Court has reviewed Judge Freeman's thorough and well-reasoned Report and finds no error, clear or otherwise.

### IV.    Conclusion

The Court therefore adopts Judge Freeman's Report and Recommendation in full, for the reasons stated in the Report.  Accordingly, Avila's motion for judgment on the pleadings is GRANTED and the Commissioner's cross-motion is DENIED, and the case shall be remanded for further proceedings consistent with the Report.  In addition, the parties' failure to file written objections precludes appellate review of this decision.  *PSG Poker, LLC v. DeRosa-Grund*, No. 06 Civ. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008) (citing *United States v. Male Juvenile*, 121 F.3d at 38).

The Clerk of Court is respectfully directed terminate the motions, docket numbers 22 and 25, and to close this case and enter judgment consistent with this Order.

It is SO ORDERED.

Dated:    August 25, 2021
          New York, New York

_____
     Edgardo Ramos, U.S.D.J.

3