UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOMAS AVILA,

                          Plaintiff,

              – *against* –

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

**OPINION & ORDER**

20-cv-1360 (ER) (VF)

RAMOS, D.J.:

      Thomas Avila commenced this action, represented by Daniel Osborn, against Commissioner of Social Security ("the Commissioner") on February 17, 2020, seeking review of a denial of eligibility for Social Security Disability Insurance Benefits ("SSDI") and Supplemental Security Income ("SSI"), pursuant to 42 U.S.C. §§ 205(g) and 405(g).[1]  Doc. 1.  Before the Court are (1) Magistrate Judge Valerie Figueredo's Report and Recommendation ("R&R") and (2) Avila's motion for attorney's fees pursuant to 42 U.S.C. § 406(b).  Docs. 33, 34.  For the reasons set forth below, the R&R is ADOPTED and the motion is GRANTED.

**I.    BACKGROUND**

      Avila first filed applications for SSDI and SSI benefits on July 25, 2016, alleging that he was entitled to benefits on the basis of his HIV diagnosis, vascular conditions, and knee impairments.  Doc. 17 at 168–84, 203 (Administrative Record).  Following an initial denial, he requested a hearing before administrative law judge ("ALJ") Robert C. Dorf, which was held on October 18, 2018.  *Id.* at 48–77.  The ALJ issued an adverse decision on November 23, 2018,

---

[1] Avila was represented before the Social Security Administration (the "Administration") by Christopher Latham of Brecher, Fishman, Pasternack, Heller Walsh & Tilker, PC (now Pasternack, Tilker, Ziegler, Walsh, Stanton & Romano ("Pasternack Tilker")).

finding that Avila was not disabled within the meaning of the Social Security Act. *Id.* at 16–31. Avila then appealed the determination to the Social Security Administration's Appeals Council, which denied his request for a review on December 12, 2019. *Id.* at 5–10.

Avila filed this action on February 17, 2020, Doc. 1, and the Court referred the matter to Magistrate Judge Debra C. Freeman on February 20, 2020. Doc. 8. On March 12, 2021, Avila filed a motion for judgment on the pleadings, Doc. 22, and the Commissioner filed a cross motion for judgment on the pleadings. Doc. 25. On August 9, 2021, Magistrate Judge Freeman issued the Report and Recommendation ("R&R"), recommending that Avila's motion for judgment on the pleadings be granted, that the Commissioner's cross-motion for judgment on the pleadings be denied, that the action be remanded to further develop the record, and notifying the parties that they had fourteen days from service of the R&R to file written objections. Doc. 27. No objections to the R&R were filed, and it was adopted by this Court on August 25, 2021. Doc. 28.

Subsequently, on September 24, 2021, Avila filed a motion for attorneys' fees in the amount of $7,532.00 pursuant to the Equal Access to Justice Act. Doc. 30. On April 25, 2022, the case was reassigned to Magistrate Judge Valerie Figueredo. Judge Figueredo issued an R&R recommending that Avila's application for fees and costs in the amount of $7,532.00 be granted, and notifying the parties that they had fourteen days from service of the R&R to file written objections. Doc. 33. No objections were filed.

Upon remand to the Administration, a second hearing was held before an administrative law judge (ALJ). On July 12, 2023, the ALJ issued a Decision finding Avila disabled and entitled to benefits. Doc. 35-4. On July 26, 2023, the Administration issued a Notice of Award and set forth the benefits payable to Avila, but the Notice was sent to Latham, who had

represented Avila in his initial proceedings before the Administration.  Doc. 35-5.  Pasternack Tilker forwarded the Notice to Osborne via email, on August 29, 2023.  Doc. 35-6.  The Notice of Award states that the Administration is withholding 25% of past due Social Security benefits for the payment of fees to counsel and that in this case, $24,017.00 has been withheld from Avila's past due benefits.  Doc. 35-5 at 3.

On September 13, 2023, Avila filed the instant motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) in the amount of $24,017.00.  Doc. 34.

I.   LEGAL STANDARD

   a.  R&R

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy."  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made.  28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997).  The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

> b. *Motion for Attorneys' Fees*

Pursuant to 42 U.S.C. §406(b), a court may award reasonable attorney's fees to a successful claimant's attorney, provided that those fees do not exceed 25% of the amount of past-due benefits awarded to the claimant.

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). A contingency fee agreement is the "primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002). Because a successful Social Security claimant evaluates and pays his own attorney, "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." *Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir. 1990). Thus, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases," with the one limit that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past due benefits." *Gisbrecht,* 535 U.S. at 807.

To assess the reasonableness of a contingency fee, a court must first "'determine whether the contingency percentage is within the 25% cap' and . . . 'whether there has been fraud or overreaching in making the agreement.'" *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022) (quoting *Wells*, 907 F.2d at 372). A court then must consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved;" (2) whether "the

4

attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused;" and (3) "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id.* (alteration in original) (quoting *Gisbrecht*, 535 U.S. at 808 (internal quotation marks omitted)).

To evaluate whether an award constitutes a windfall, the Court considers: (1) "the ability and expertise of the lawyers," (2) "the nature and length of the professional relationship with the claimant," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55.

## II.  DISCUSSION

Despite the Commissioner's failure to object to the R&R, the Court has reviewed Magistrate Judge Figueredo's thorough and well-reasoned R&R and finds no error, clear or otherwise. The Court therefore adopts Magistrate Judge Figueredo's recommendation. For the reasons set forth above, Avila's application for fees and costs in the amount of $7,532.00 is granted.

Pursuant to 42 U.S.C. § 406(b), Osborne seeks $24,017.00 in attorney's fees, *i.e.* less than 25% of Avila's award of past due benefits. Doc. 35-5. The Court finds that the fee sought is reasonable. Osborne's requested fees are within the limit of the 25% cap for reasonable attorney's fees under 42 U.S.C. § 406(b). 42 U.S.C. § 406(b)(1)(A). Moreover, no one has submitted any evidence suggesting either fraud or overreaching in Osborne's dealings with Avila. *See, e.g., Hennelly v. Kijakazi,* No. 20 Civ. 4786 (JGK), 2023 WL 3816961 at *2 (S.D.N.Y. June 5, 2023) (finding that absence of evidence of fraud or overreach is sufficient to satisfy this threshold inquiry); *Casiano v. Kijakazi,* No. 19 Civ. 9732 (JGK), 2023 WL 3760941

at *2 (S.D.N.Y. June 1, 2023) (same). Therefore, the Court evaluates the reasonableness of the award based on the factors set forth in *Gisbrecht*. *Fields*, 24 F.4th at 853 (quoting *Gisbrecht*, 535 U.S. at 808).

The first factor considers whether the requested fee is out of line with the character of the representation and the results achieved. *Id.* The Court may reduce fees if the representation is found to have been substandard. *Id.* Here, neither Avila nor the Commissioner voiced any dissatisfaction with Osborne's representation and Avila prevailed in his claim for benefits. The second factor considers whether the attorney was responsible for any delay in the proceedings. *Fields*, 24 F.4th at 853. A fee will be unreasonable if the attorney deliberately slowed proceedings to inflate his fees. *Id.* Here, no one has claimed, nor does any evidence suggest, that Osborne is responsible for any delay in the proceedings.

The final factor analyzes whether Osborne's requested award constitutes a windfall. *Id.* at 854–55. A windfall is a fee of a size not commensurate with the service provided. *See id.* at 854. This is not the same as finding a high de facto hourly rate, as awards that would constitute hourly rates of over a thousand dollars have been found to be reasonable in the past. *See, e.g., Hennelly v. Kijakazi,* No. 20 Civ. 4786 (JGK), 2023 WL 3816961 at *2 (S.D.N.Y. June 5, 2023).

In this regard, Osborne has stated that the fee requested here does not constitute a windfall and that "there is no reason to believe that [] Avila is anything other than satisfied, with an entitlement to hundreds of thousands of dollars in benefits" and that "the contingent nature of the fees and the uncertainty of a favorable result for [] Avila further justify the requested fees." Doc. 36 at 7. While Osborne has not presented evidence showing his relevant experience and expertise in disability cases, he spent 34.2 hours working on Avila's case at the federal level, and in that time reviewed the 571-page administrative record and drafted a detailed 18-page

6

memorandum of law.  As Osborne states, the "hours of total billed time also speak[] to counsel's experience and efficiency in facilitating the remand that led to the award of benefits to [] Avila."  Doc. 36 at 6; *see* Doc. 35-2 at 14, Ledger of attorney time spent on Avila case; *see also Fields* at 854.

Second, the nature and length of Osborne's professional association with Avila has now been considerable, as Osborne has handled the case since filing it in February of 2020.  Doc. 1.  *See also Casiano v. Kijakazi,* No. 19 Civ. 9732 (JGK), 2023 WL 3760941 at *3 (S.D.N.Y. June 1, 2023) (illustrating the standard for counsel's professional association with a case that took place over a similar period of time).  Third, Avila has made no objection to the award or given any indication of dissatisfaction with Osborne.  *See id.* at *3 (analyzing the third *Fields* factor with reference to a case where there was also no evidence to suggest the plaintiff was dissatisfied and that being considered sufficient evidence).  Fourth, the outcome of the case was very uncertain when Osborne became involved considering that Avila's application for benefits had been denied by the Social Security Administration, denied again by an ALJ, and his petition for appeal of the ALJ's decision was also denied.  Doc. 17 at 204, 93, 12–31, 5–8; *see also id.* at *3 (assessing uncertainty of resolution through the prior history of a case with multiple denials preceded the attorney taking on the case).  Therefore, under *Fields*, Osborne's claim for an award of $24,017.00 is not a windfall.  Accordingly, the attorney's fees Osborne seeks are reasonable, and his application is granted.

### III.     CONCLUSION

The Court has awarded Osborne attorney's fees under the EAJA in the amount of $7,532.00.  When plaintiff's counsel is awarded fees under both the EAJA and § 406(b) for the same work, the Court has ruled that counsel must "refund to the claimant the amount of the

smaller fee." *Gisbrecht,* 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186).  Accordingly, Osborne must refund $7,532.00 to Avila.  The Clerk of the Court is respectfully directed to terminate the motions, Docs. 30 and 34, and close the case.

    It is SO ORDERED.

Dated:  September 15, 2023
        New York, New York

                                                    Edgardo Ramos, U.S.D.J.